

PFS:df

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6154-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.

BERT CASKILL,

       Defendant.

_____/

<u>GOVERNMENT'S RESPONSE TO THE STANDING DISCOVER ORDER</u>

      The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.   1.   The government is in possession of 133 cassette tape recordings containing approximately 1000 conversations regarding court authorized wire interceptions. The government is further in possession of approximately 41 cassette tape recordings corresponding to consensually recorded conversations. One full set of tapes and transcripts will be provided to an attorney designated by counsel for use by all parties.

           2.   That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

           3.   No defendant testified before the Grand Jury.

           4.   The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.



      5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Blvd., Suite 700, Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to all counsel.

      6. Not applicable.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D. The government will disclose under separate cover any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E. The government will disclose under separate cover any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. Not applicable.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or

2

        otherwise (including the inextricably-intertwined doctrine).

I.    The defendant is an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.    The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.    No contraband is involved in this indictment.

L.    Not applicable.

M.    Not applicable.

N.    The government will under separate cover, provide notice of summary and expert testimony that it reasonably expects to offer at trial, such testimony will include gambling records analysis and organized crime structure analysis.

O.    The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.    At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

>Respectfully submitted,
>
>GUY A. LEWIS
>UNITED STATES ATTORNEY
>
>By: *[signature]*
>PAUL F. SCHWARTZ
>ASSISTANT UNITED STATES ATTORNEY
>Court ID #: A5500086
>500 E. Broward Blvd., 7th Floor
>Fort Lauderdale, Florida  33394
>Telephone: (954) 356-7392
>Facsimile: (954) 356-7230

4

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was mailed this _30_ day of _June_, 2000 to:

Dennis R. Bedard, Esquire
1717 N. Bayshore Dr., Suite 102
Miami, FL 33132

_____
PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY

### FEDERAL BUREAU OF INVESTIGATION

Date of transcription    1/20/99

       Bert Caskill, date of birth 10/1/52, SSN 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, 20944 NE 37th Avenue, Aventura, Florida, was advised of the identity of the interviewing Agent and the purpose of the interview. Also present during the interview was Detective Vic Singleton, Hollywood Police Department and Detective Warren Emerson, Broward Sherrif's Office. Caskill provided the following information:

       Caskill has resided at 20944 NE 37th Avenue for approximately 5 years with his wife Lynn Scapicchio (married approximately 1 year ago).

       Caskill has been a bookmaker since graduating from high school. Caskill currently runs a bookmaking operation in which he is heavily in debt due to losses and bettors not paying him their losses.

       Caskill said that he ran inside his residence when law enforcement officers arrived earlier that day so that he could hide his gambling papers underneath the mattress in the master bedroom.

       Caskill said that the marijuana found in the residence was his wifes, but later admitted that it belong to him.

       Caskill advised that he is heavily in debt and that he pays his ex-wife alimony of $6,000 per month, pays rent of $3,000 per month for his townhouse and approximately $350 (times 2) per month for the two automobiles in the driveway. Caskill said that he pays all of his bills in cash.

       Caskill requested Agents leave him a copy of a debtors ledger, however, Agents advised him no, and informed him that he is no longer allowed to continue any type of bookmaking activities.

Investigation on   1/17/99   at   Aventura, Florida

File # 281A-MM-88637     Date dictated   1/20/99

by   SA Michael D. Leverock

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.